JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-4495 JGB (DTBx)** | Date | September 1, 2026 |
| Title | ***Dame Mas, Inc. v. Ferrusca Group, Inc., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order: (1) REMANDING Action for Lack of Jurisdiction; (2) DENYING AS MOOT Plaintiff's Ex Parte Application (Dkt. No. 20); and (3) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

## I. BACKGROUND

On June 30, 2026, Plaintiff Dame Mas, Inc. ("Plaintiff") filed a complaint in the Superior Court of California, County of San Bernardino, naming as defendants Ferrusca Group Inc., Israel Ferrusca, Maria Del Rosario Carrillo Perez, and Does 1 through 30. (Dkt. No. 1-1.) On August 10, 2026, Defendant Maria Del Rosario Carrillo Perez ("Carrillo") filed a notice of removal, invoking this Court's federal question jurisdiction over the twelfth cause of action asserted under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and supplemental jurisdiction over the remaining eleven state-law causes of action. (Dkt. No. 1.)

On August 14, 2026, Plaintiff filed a First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, dropping the twelfth cause of action under RICO and eliminating Defendant Carrillo's sole basis for federal question jurisdiction. ("FAC," Dkt. No. 10.) On August 20, 2026, Defendant Carrillo filed an Answer to the First Amended Complaint, asserting that this Court has federal question jurisdiction over her seventh counterclaim arising under Section 10(b) of the Securities Exchange Act and Rule 10b-5. (Dkt. No. 14.) On August 25, 2026, Plaintiff filed an ex parte application for an expedited hearing on its Motion to Remand. (Dkt. No. 20.) On August 26, 2026, Defendants Carrillo (as counterclaimant), Israel Ferrusca, and Ferrusca Group, Inc. filed their joint opposition to Plaintiff's ex parte application. (Dkt. No. 23.) On August 28, 2026, Defendants Israel Ferrusca and Ferrusca Group, Inc. filed their Answer to the FAC, counterclaiming against Plaintiff Dame Mas Inc. as well as Marc Goldman

and Zoes 1 through 20. (Dkt. No. 25.) Defendants Israel Ferrusca and Ferrusca Group, Inc. claim that this Court has supplemental jurisdiction over their counterclaims and that their counterclaims are compulsory under Federal Rule of Civil Procedure 13(a). (Dkt. No. 25, at 39.)

## II. LEGAL STANDARD

"The federal courts are under an independent obligation to examine their own jurisdiction." FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3). There are two bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether it has federal question jurisdiction in an action, a court follows the well-pleaded complaint rule and considers only whether a federal question is presented on the face of the plaintiff's complaint. Taylor v. Anderson, 234 U.S. 74, 75 (1914); see also City of Oakland v. BP PLC, 969 F.3d 895 (9th Cir. 2020). Defenses or counterclaims raised in a defendant's answer—even if certain to be raised—cannot independently establish subject matter jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). Two principles guide federal courts' adherence to the well-pleaded complaint rule: first, as "the master of the complaint," the plaintiff is entitled to avoid federal jurisdiction by exclusive reliance on state law; second, allowing a defense or counterclaim to establish federal question jurisdiction "would radically expand the class of removable cases, contrary to the 'due regard for the rightful independence of state governments' that our cases addressing removal require." Holmes, 535 U.S. at 831–32; Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

## III. DISCUSSION

The Court sua sponte **REMANDS** this action to the Superior Court of California, County of San Bernardino for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The Court lacks federal question jurisdiction because Plaintiff's operative complaint does not assert any causes of action under federal law and no exceptions to the well-pleaded complaint rule apply. City of Oakland, 969 F.3d at 903, 906. The Court need not look beyond the face of Plaintiff's properly pleaded First Amended Complaint. Caterpillar, 482 U.S. at 392. Since any federal issues raised by Defendants' counterclaims would not independently confer this Court with subject matter jurisdiction, the Court need not consider Defendants' answers to the FAC to remand the action. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").
//
//

## IV. CONCLUSION

Accordingly, the Court sua sponte **REMANDS** this action to the Superior Court of California, County of San Bernardino for lack of subject matter jurisdiction. Plaintiff's ex parte application filed on August 25, 2026 is **DENIED AS MOOT**. (Dkt. No. 20.) The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**